# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and LEVIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain ARMANDO PEREZ**
**United States Army, Appellant**

ARMY 20180578

Headquarters, National Training Center and Fort Irwin
Michael S. Devine and Timothy P. Hayes, Jr., Military Judges
Lieutenant Colonel Philip M. Staten, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Major Robert Feldmeier, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Dustin B. Myrie, JA; Major Lauryn D. Carr, JA (on brief).

28 May 2020

----------------------------------
SUMMARY DISPOSITION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LEVIN, Judge:

On 24 October 2018, a military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of making a false official statement and one specification of fraternization, in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 934 [UCMJ]. The military judge sentenced appellant to a dismissal, confinement for thirty days, restriction to the limits of Fort Irwin for an additional thirty days, and a reprimand. The convening authority approved only so much of the sentence as provides for a dismissal, confinement for thirty days, and a reprimand.

On appeal before this court, appellant raises one assignment of error. Specifically, appellant asserts that the post-trial delay between his sentencing and the convening authority's action warrants relief. We disagree.

**BACKGROUND**

Appellant's court-martial adjourned on 24 October 2018. On 24 July 2019, 273 days later, the convening authority took action. This period includes an initial 140 days for the government to transcribe the 627-page record of trial. The record of trial was delivered to the military judge fifteen days thereafter. The military judge authenticated the record eighty-three days later. Another nineteen days passed before the Staff Judge Advocate completed the post-trial recommendation (SJAR). The convening authority took action sixteen days later.

**LAW AND DISCUSSION**

Given the facially unreasonable length of delay, addressed below, we review this post-trial due process violation claim de novo, balancing the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *United States v. Moreno*, 63 M.J. 129, 136-41 (C.A.A.F. 2006).

The first factor weighs in favor of appellant, in that the length of delay from the completion of trial to the convening authority's action is facially unreasonable. *Moreno* established time standards for post-trial processing and review, the violation of which gives rise to a presumption of unreasonable delay, including a standard of 120 days from completion of trial to the convening authority's action. *Id.* at 142. Here, 273 days elapsed between those two events, longer than the *Moreno* standard.

The second factor also weighs in favor of appellant. Under the second factor, we look at the government's responsibility for any delay, as well as any legitimate reasons for the delay, including those attributable to an appellant. In its brief, the government concedes that its reason for delay is inadequate under the *Moreno* analysis.

With regard to the third factor, this court is required to examine whether appellant objected to the delay in any way or otherwise asserted his right to a timely review. Again, this factor weighs in favor of appellant, who demanded speedy post-trial processing after the 120-day period elapsed.

The fourth factor, however, weighs heavily in favor of the government. Appellant has not demonstrated that he suffered any prejudice whatsoever. Nor do we find that the post-trial processing was "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). In fact, appellant arguably benefited from the delay, in that the convening authority granted his request for a deferment of automatic forfeitures from the effective date

of the sentence until the date of action. Consequently, appellant received pay and allowances for a longer period than he would have otherwise been entitled to receive them.

Weighing all of the above, we find no due process violation in the post-trial processing of the appellant's court-martial. This court recognizes that even in the absence of actual prejudice from unreasonable post-trial processing, we are still authorized to grant relief for excessive delay in our assessment of the appropriateness of appellant's sentence pursuant to Article 66, UCMJ. *See United States v. Tardiff*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). Here, the delay of 273 days to prepare the 627-page record of trial is not so excessive that it warrants relief.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Chief Judge KRIMBILL and Senior Judge BROOKHART concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

3